MRS. RUTH VATAKIS, TRUSTEE FOR JOHN FERRARO, PLAINTIFF-APPELLANT, v. ASBURY PARK NATIONAL BANK AND TRUST COMPANY, A BANKING CORPORATION ORGANIZED UNDER THE NATIONAL BANKING ACT, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 10, 1956—Decided December 28, 1956.

194

Before Judges CLAPP, JAYNE and FRANCIS.

*Mr. Harry L. Giberson* argued the cause for the appellant (*Mr. Amos E. Kraybill, Jr.,* attorney; *Mr. Joseph F. Mattice,* of counsel).

*Mr. Donald J. Cunningham* argued the cause for the respondent (*Messrs. Durand, Ivins & Carton,* attorneys).

The opinion of the court was delivered by

FRANCIS, J. A. D. Plaintiff sued to recover $900 which she alleged the defendant bank had improperly charged against a savings account maintained by her as "John Ferrero, [*sic*] Mrs. Ruth Vatakis, Trustee." After a consideration of the undisputed facts (to be detailed), the trial court entered judgment for defendant.

Prior to September 26, 1955 Ruth Vatakis and Mike Vatakis, husband and wife, had a joint checking account in the defendant bank. Either one had the right to draw, the full sum on deposit at any time. On September 26, 1955 their balance was $1,043.65.

On the day mentioned Ruth Vatakis presented at the main office of the bank a check drawn to herself for $900. She endorsed it in blank and delivered it to the teller, accompanied by a deposit slip for $900 in "bills" for the deposit of that sum in the savings account entitled "John Ferrero, Mrs. Ruth Vatakis, Trustee." (Some time thereafter the teller wrote "as check" alongside the word "bills.") The check and deposit slip were accepted and on that day the savings account, which had been in existence since February 29, 1952, was credited with $900.

Later in the same day, Mike Vatakis presented at a branch office a check on the joint account for $800. It was cashed there and the money paid to him before discovery of the wife's previous withdrawal. The parties agree that the husband and wife were having marital difficulties at the time but that the bank does not charge bad faith against them in the transactions. Counsel for the bank advised

us at the oral argument that no effort has been made to seek reimbursement from the husband to the extent of the overdraft.

Just when the lack of adequate balance to meet the two checks was ascertained, does not appear. But on September 28, 1955 the bank charged the $900 against the account of "John Ferrero, Mrs. Ruth Vatakis, Trustee." It is not argued that this 3½-year-old account was not a *bona fide* trustee one. And in the circumstances of the case, we do not deal with any such issue. See 7 *Am. Jur., Banks,* §§ 629, 630, 637, 638 (1937).

Although all the facts and records were stipulated and no testimony was taken, the trial court felt that to hold the bank "would result in the unjust enrichment of the plaintiff, Mrs. Ruth E. Vatakis, who attempted to transfer funds already depleted, to a trustee account for a minor child." The statement that the funds in the defendant bank subject to withdrawal by her were already depleted when she presented the $900 check, is factually inaccurate. The stipulation of the parties is that her transaction preceded that of her husband.

While we recognize the predicament of the bank as did the trial court, it seems obvious that the matter is controlled and must be considered disposed of by the provisional credit statute. *N. J. S. A.* 17:9A–235. This enactment provides:

"A. In any case in which a bank receives, other than for immediate payment over the counter, a demand item payable by, at or through such bank and gives credit therefore *before midnight* of the day of receipt, the bank may have *until midnight of its next business day after receipt* within which to dishonor or refuse payment of such item. * * *"

As stipulated, the savings account was credited with $900 on September 26, the date of presentation of the check. The charge to recapture the deposit was not made until September 28, the second business day later. Therefore, it was invalid and cannot be sustained.

The judgment is reversed and the record is remanded with the direction to enter judgment in favor of the plaintiff.